```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


HEALTHCARE SERVICES GROUP, INC.    :        CIVIL ACTION
                                   :
      v.                           :
                                   :
TIMOTHY FAY, et al.                :        NO. 13-66
```

MEMORANDUM

Bartle, J.                                    October 14, 2015

       Before the court is the motion of defendants, Timothy Fay ("Fay") and Richard Konopka ("Konopka"), to compel arbitration.

       On January 4, 2013, plaintiff Healthcare Services Group, Inc. ("Healthcare") brought this action against its former employees Fay, a Senior District Manager, and Konopka, a Regional Manager, for allegedly violating their non-compete agreements by going to work for Healthcare's competitor, The Senova Group ("Senova"). Healthcare also sued Senova for: misappropriation of trade secrets in violation of the Pennsylvania Uniform Trade Secrets Act, 12 Pa. Cons. Stat. § 5301, et seq.; tortious interference with business relations; and tortious interference with contractual relations.

       On January 8, 2013, a few days after filing this action, Healthcare moved for a preliminary injunction barring Fay and Konopka from maintaining employment with Senova or any

other competitor.  After a hearing, the court granted Healthcare's motion for a preliminary injunction on May 22, 2013.  On June 21, 2013, Fay and Konopka filed a notice of appeal of the court's order.  Our Court of Appeals affirmed on February 12, 2015 and returned the case to this court for further proceedings.  No further action was taken in this case by any party until July 23, 2015, when the court initiated a telephone conference.

On August 11, 2015, Fay and Konopka filed a motion to compel arbitration based on a provision in their employment agreements with Healthcare.  The defendants' April 3, 2013 Answer had made no mention of the arbitration provision.  The arbitration provision provided that:

> Any dispute that in any way relates to the Plan or this Stock Option Agreement . . . shall be submitted to mandatory and binding arbitration . . . The decision of the arbitrator shall be final and binding on both parties.

The arbitration provision also permitted Healthcare to pursue injunctive relief in court before pursuing arbitration of its underlying claims:

> Notwithstanding the foregoing, the Company may seek temporary and/or preliminary injunctive relief against Employee . . . in an appropriate state or federal court with jurisdiction over the matter before initiating arbitration.

The plaintiff opposes the motion to compel arbitration.

I.

The court will stay an action pending arbitration where the applicable arbitration provision is valid and enforceable, free of contractual defects, and has not been waived by the parties. See In re Pharmacy Benefit Managers Antitrust Litig., 700 F.3d 109, 116 (3d Cir. 2012). The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., announces "a strong federal policy in favor of arbitration" to overcome "the traditional judicial hostility to the enforcement of arbitration agreements." In re Pharmacy, 700 F.3d at 116. Under the FAA, arbitration "agreements are enforceable to the same extent as other contracts." Id.; Parilla v. IAP Worldwide Servs., Inc., 368 F.3d 269, 275 (3d Cir. 2004).

Once litigation has already begun, a contractually valid arbitration provision is deemed waived and unenforceable where compelling arbitration would prejudice the nonmoving party. Our Court of Appeals has explained that "prejudice is the touchstone for determining whether the right to arbitrate has been waived." See Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 925 (3d Cir. 1992). Waiver of the right to arbitrate:

> is consistent with the purpose behind arbitration itself — arbitration is meant to streamline the proceedings, lower costs, and conserve private and judicial resources, and it furthers none of those purposes when a party actively litigates a case for an extended period only to belatedly assert

>           that the dispute should have been
>           arbitrated, not litigated, in the first
>           place.

See Nino v. Jewelry Exch., Inc., 609 F.3d 191, 209 (3d Cir. 2010).

In assessing whether the right to pursue arbitration has been waived, the court considers "a nonexclusive list of factors":

> [1] the timeliness or lack thereof of a
> motion to arbitrate . . . [; 2] the degree
> to which the party seeking to compel
> arbitration has contested the merits of its
> opponent's claims; [3] whether that party
> has informed its adversary of the intention
> to seek arbitration even if it has not yet
> filed a motion to stay the district court
> proceedings; [4] the extent of its non-
> merits motion practice; [5] its assent to
> the court's pretrial orders; and [6] the
> extent to which both parties have engaged in
> discovery.

See id. at 208-09; Hoxworth, 980 F.2d at 926-27. These factors guide "[t]he waiver determination [which] must be based on the circumstances and context of the particular case." See Nino, 609 F.3d at 209. As noted above, the touchstone of this analysis is prejudice to the nonmoving party.

## II.

Healthcare does not contest the validity of the agreements containing the arbitration provision. In fact, it drafted those agreements and seeks to enforce the non-compete provisions contained therein. Rather, Healthcare asserts that

Fay and Konopka have waived their right to arbitrate by defending against Healthcare's motion for a preliminary injunction and otherwise participating in this federal court action.

The first and most important Hoxworth factor here concerns the timeliness of the motion to compel arbitration. Even though Fay and Konopka did not move to compel arbitration until more than two and a half years after Healthcare initiated this action, this time period for the most part was consumed with litigating Healthcare's preliminary injunction motion and an appeal of the court's grant of that motion. The applicable arbitration provision specifically permitted Healthcare to seek injunctive relief in court prior to the initiation of any arbitration. Thus, even if Fay and Konopka had moved to compel arbitration at an earlier time, arbitration would have been delayed until after the preliminary injunction motion was resolved.

The litigation and appeals process for the preliminary injunction did not conclude until February 2015, when our Court of Appeals returned the case to this court after upholding our decision to grant Healthcare's preliminary injunction. The parties did not take any action to move the case forward. On July 23, 2015, the court initiated a phone conference with

counsel.  Fay and Konopka filed their motion to compel arbitration shortly thereafter on August 11, 2015.

Although Fay and Konopka failed to move for arbitration for several months after this case was returned to this court, this was not prejudicial to Healthcare.  Healthcare, not Fay and Konopka, is the plaintiff.  It is the one which has the duty to prosecute its claims in this action.  Healthcare cannot assert that the defendants' inaction caused it prejudice where Healthcare itself allowed the matter to lie dormant between February 2015 and July 2015.  Waiver is appropriate where the moving party has caused delay by actively litigating the action.  See Nino, 609 F.3d at 209.  Defendants were not actively litigating the matter in this court after the preliminary injunction motion was formally decided and before the filing of their motion to compel arbitration.

Once the court jumpstarted this case in July 2015 by holding a telephone conference, Fay and Konopka moved to compel arbitration less than one month later.  This is not a substantial delay.  See In re Pharmacy, 700 F.3d at 118.

The other Hoxworth factors are only relevant to the extent that there has been active litigation.  They look to whether the defendants have contested the merits of their opponent's claims, provided notice of their intent to arbitrate, engaged in non-merits motion practice, assented to pre-trial

orders, or participated in discovery.  The factors presuppose that the case was being actively litigated.  Here, aside from proceedings related to the preliminary injunction, there had been little activity in this court because the matter was on appeal.[1]

As such, even if the defendants' Answer had asserted a right to arbitrate the underlying claims or the defendants had provided earlier notice of their intent to seek arbitration, litigation of the motion for preliminary injunction would have proceeded prior to arbitration just the same.  Once our Court of Appeals issued its decision upholding the preliminary injunction, the arbitration provision put the onus on Healthcare to initiate arbitration.  Given that Healthcare may have abandoned its claims against Fay and Konopka following resolution of its preliminary injunction motion and instead pursued claims against Senova only,[2] it would be unreasonable to penalize Fay and Konopka for failing to move forward with Healthcare's claims against them during this period.

---

1. After the court granted Healthcare's motion for a preliminary injunction on May 22, 2013, the court held a Rule 16 status conference on June 19, 2013 and entered its first scheduling order on June 20, 2013.  The following day, on June 21, 2013, Fay and Konopka filed a notice of appeal of the court's grant of the preliminary injunction.

2. Senova remains a defendant in this federal court action. Senova did not sign any agreements with Healthcare, let alone agree to arbitrate claims that arise between them.

As for the final three Hoxworth factors, the defendants have not engaged in non-merits motion practice, the defendants have not manifested assent to any pretrial orders placing this case on the trial track, and no discovery has occurred other than that related to the preliminary injunction. Healthcare cannot now claim that it suffered prejudice by participating in litigation related to its preliminary injunction motion where Healthcare sought that injunction and the arbitration provision that it drafted contemplated that any injunction would be litigated in court before any arbitration proceeded.

Accordingly, the motion of defendants to compel arbitration will be granted.